Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001052
14-JAN-2015
08:45 AM

NO. CAAP-14-0001052

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

COURAGE ELKSHOULDER, Plaintiff-Appellant,
v.
PAULA SUZUKI; STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY,
Defendants-Appellees,
and
DOES DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0242)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over the appeal that Plaintiff-Appellant

Courage Elkshoulder (Appellant Elkshoulder) has asserted from the

Honorable Bert I. Ayabe's June 12, 2014 post-judgment order

denying Appellant Elkshoulder's March 27, 2014 motion under

Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP) to set

aside a March 13, 2014 notice of entry of final judgment as to an arbitrator's award under the Court Annexed Arbitration Program (CAAP) pursuant to Rule 21 of the Hawai'i Arbitration Rules (HAR), because Appellant Elkshoulder did not file the August 7, 2014 notice of appeal in appellate court case number CAAP-14-0001052 within thirty days after entry of the June 12, 2014 post-judgment order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) required for a timely appeal.

Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees, and "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Nevertheless, "the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). Appellant Elkshoulder did not file the August 7, 2014 notice of appeal in appellate court case number CAAP-14-0001052 within thirty days after entry of the June 12, 2014 post-judgment, as HRAP Rule 4(a)(1) required for a timely appeal. Therefore, Appellant Elkshoulder's appeal is untimely, and, as the Supreme Court of Hawai'i has consistently held, the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or

-2-

judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001052 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0001052 are denied as moot.

DATED: Honolulu, Hawai'i, January 14, 2015.

Chief Judge

Associate Judge

Associate Judge

-3-